# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:21CR-088 |
| Plaintiff, | JUDGE J. McFARLAND |
| vs. | INDICTMENT |
| JEREMY SKEENS aka JEREMY SMITH, | 18 U. S. C. § 2 |
| Defendant. | 18 U. S. C. § 1343 |
| | 18 U. S. C. § 1957 |
| | FORFEITURE ALLEGATION |

**THE GRAND JURY CHARGES:**

## INTRODUCTION

1. At all times material to this Indictment: Landcorp Ground Specialist LLC., ("Landcorp") is a landscaping company whose headquarters is located in Fairfield, Ohio, and West Chester, Ohio. Landcorp offers weekly residential and commercial lawn care services.

2. The defendant, **JEREMY SKEENS, aka JEREMY SMITH** incorporated Landcorp in 2016.

3. Between on or about August 7, 2018 and November 9, 2018 the defendant had a Fifth Third Bank joint personal checking account number ending in 3388. Between on or about October 29, 2020, and January 6, 2021, the defendant had a Bank of America personal checking account number ending in 1732.

4. Between on or about August 7, 2018 and November 9, 2018, Landcorp was the account holder for a Fifth Third Bank business checking account number ending in 4258. The

defendant opened this joint business checking account listing himself as the owner and an individual by the name of D.B. as the account manager.

5. Between on or about October 29, 2020, and January 6, 2021, Landcorp was the account holder for a Bank of America business checking account number ending in 7835.

6. VICTIM 1 met the defendant sometime before August of 2018. In or about August of 2018, the defendant asked VICTIM 1 to invest in the growth and development of Landcorp. VICTIM 1 maintained two Huntington Bank business checking account numbers ending in 0082 and 9894.

7. Between on or about August 7, 2018 and on or about November 9, 2018, VICTIM 1 invested in the growth of Landcorp through two financial payments totaling $130,000.00.

8. After each donation by VICTIM 1, D.B withdrew cash from the Landcorp Fifth Third Business checking account number ending in 4258 and deposited into the defendant's joint Fifth Third Bank personal checking account number ending in 3388.

9. Contrary to the representations of the defendant, the investment by VICTIM 1 was not used for its intended purpose. Instead, the defendant then purchased or cause to be purchased cashier checks to be made payable to MGM Detroit, Michigan, a hotel casino. Rather than use the financial payments to purchase equipment and expand his business, the defendant used the majority of the donations received from VICTIM 1 for personal expenses and gambling at hotel casinos.

10. VICTIM 2 received landscaping services from Landcorp for approximately 4 years. VICTIM 2 has a JP Morgan Chase account ending in 8845.

11. In or about October of 2020, the defendant approached VICTIM 2 with an investment opportunity. Essentially, the defendant invited VICTIM 2 to invest in a 50/50 partnership

that would involve the purchase of real estate contracts from another real estate company, purchase a landscape business in Florida, and purchase a business startup in Florida. None of the business opportunities ever came to fruition.

12. Beginning on or about October 29, 2020 and continuing through January 6, 2021, VICTIM 2 invested in the growth of Landcorp as described above through a series of financial payments totaling $1,070,000.00.

13. The investment by VICTIM 2 was not used by the defendant for its intended purpose. Instead, the defendant wired and caused to be wired approximately $690,000 to the Seminole Hard Rock Casino, Tampa, Florida.

14. Rather than use the financial payments to purchase equipment and expand his business, the defendant used the majority of the donations received from VICTIM 2 for personal expenses and gambling at hotel casinos.

## COUNTS 1 and 2
### (Wire Fraud)

15. The Grand Jury realleges and incorporates by reference paragraphs 1-9 of the Indictment as set forth in full herein.

16. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **JEREMY SKEENS**, together with others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from Victim 1 by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described above, and for the purpose of

executing and attempting to execute such scheme and artifice to defraud, on the dates listed below, did knowingly transmit or cause to be transmitted by means of wire communications in interstate commerce the following signals and sounds, each transmission constituting a separate count of this Indictment:

| Count | Date | Description |
|---|---|---|
| 1 | 8/07/2018 | Electronic ACH Wire transfer in the name of Landcorp to Fifth Third Bank business checking account number ending in 4258 in the amount of $30,000.00 |
| 2 | 10/09/2018 | Electronic ACH Wire transfer in the name of Landcorp to Fifth Third Bank business checking account number ending in 4258 in the amount of $100,000.00 |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

## COUNTS 3 through 5
### (Money Laundering)

17. The Grand Jury realleges and incorporates by reference paragraphs 1-9, and 15-16 of the Indictment as set forth in full herein.

18. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **JEREMY SKEENS**, did knowingly engage and attempt to engage in the following monetary transactions, by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal of U.S. currency, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18 U.S.C. § 1343, each transaction constituting a separate count:

| Count | Date | Description |
|---|---|---|
| 3 | 8/22/2018 | Cash withdrawal from the Fifth Third Bank account number ending in the 4258 and in the name of D.B. in the amount of $30,000.00 |
| 4 | 10/10/2018 | Cash withdrawal from the Fifth Third Bank business checking account number ending in the 4258 and in the name of D.B. in the amount of $60,000.00 |

| Count | Date | Description |
|---|---|---|
| 5 | 11/9/2018 | Cash withdrawal from the Fifth Third Bank business checking account number ending in the 4258 and in the name of D.B. in the amount of $50,000.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

### COUNTS 6 through 10
### (Wire Fraud)

19. The Grand Jury realleges and incorporates by reference paragraphs 1-5, and 10-14 of the Indictment as set forth in full herein.

20. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **JEREMY SKEENS**, together with others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from Victim 2 by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described above, and for the purpose of executing and attempting to execute such scheme and artifice to defraud, on the dates listed below, did knowingly transmit or cause to be transmitted by means of wire communications in interstate commerce the following signals and sounds, each transmission constituting a separate count of this Indictment:

| Count | Date | Description |
|---|---|---|
| 6 | 10/29/20 | Electronic ACH Wire transfer in the name of Landcorp Ground Specialist, LLC to Bank of America business checking account number ending in 7835 in the amount of $200,000.00 |
| 7 | 11/06/20 | Electronic ACH Wire transfer in the name of Landcorp Ground Specialist, LLC to Bank of America business checking account number ending in 7835 in the amount of $300,000.00 |
| 8 | 11/16/20 | Electronic ACH Wire transfer in the name of Landcorp Ground Specialist, LLC to Bank of America business checking account number ending in 7835 in the amount of $200,000.00 |

| Count | Date | Description |
|---|---|---|
| 9 | 12/24/20 | Electronic ACH Wire transfer in the name of Landcorp Ground Specialist, LLC to Bank of America business checking account number ending in 7835 in the amount of $100,000.00 |
| 10 | 1/6/21 | Electronic ACH Wire transfer in the name of Landcorp Ground Specialist, LLC to Bank of America business checking account number ending in 7835 in the amount of $270,000.00 |

**All in violation of Title 18, United States Code, Sections 1343 and 2.**

### COUNTS 11 through 17
### (Money Laundering)

21. The Grand Jury realleges and incorporates by reference paragraphs 1-5, 10-14, and 19-20 of the Indictment as set forth in full herein.

22. On or about the dates set forth below, in the Southern District of Ohio and elsewhere, the defendant, **JEREMY SKEENS**, did knowingly engage and attempt to engage in the following monetary transactions, by through or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the withdrawal of U.S. Currency and funds, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18 U.S.C. § 1343, each transaction constituting a separate count:

| Count | Date | Discription |
|---|---|---|
| 11 | 10/29/2020 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida in the amount of $67,500.00 |
| 12 | 10/30/2020 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida in the amount of $97,500.00 |
| 13 | 11/06/2020 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida n the amount of $100,000.00 |
| 14 | 11/09/2020 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida in the amount of $80,000.00 |

| Count | Date | Discription |
|---|---|---|
| 15 | 11/18/2020 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida in the amount of $142,500.00 |
| 16 | 12/29/2020 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida in the amount of $67,500.00 |
| 17 | 1/07/2021 | Electronic Fund Transfer from Bank of America personal checking account number ending in 1732 to the Seminole Hard Rock Casino, Tampa, Florida in the amount of $135,000.00 |

**All in violation of Title 18, United States Code, Sections 1957 and 2.**

**FORFEITURE ALLEGATION 1**

Upon conviction of one or more of the offense(s) set forth in Count 1, 2 and/or Counts 6 through 10 of this Indictment, the defendant, **JEREMY SKEENS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation(s), including but not limited to, a sum of money equal to at least $1,200,000.00, which represents the amount of proceeds the defendants obtained as a result of the offense(s).

**FORFEITURE ALLEGATION 2**

Upon conviction of one or more of the offense(s) set forth in Counts 3 through 5 and/or 11 through 17 of this Indictment, the defendants, **JEREMY SKEENS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in such offense(s), and any property traceable to such property, including but not limited to, a sum of money equal to the amount of money involved in the offense(s).

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) or 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendants, up to the value of the property described above.

**A TRUE BILL**

/s/
_____
**GRAND JURY FOREPERSON**

**VIPAL J. PATEL**
**ACTING UNITED STATES ATTORNEY**

_____
**ANTHONY SPRINGER**
**ASSISTANT UNITED STATES ATTORNEY**