# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-88 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| | : | |
| JEREMY SKEENS aka JEREMY SMITH, | : | |
| | : | |
| Defendant. | : | |

---

## ORDER DENYING DEFENDANT'S
## MOTION TO SEVER COUNTS (Doc. 22)

---

This matter is before the Court on Defendant's Motion to Sever Counts (Doc. 22). The Government has filed a response (Doc. 23), and thus the matter is ripe for adjudication.  For the reasons set forth below, the Court **DENIES** this Motion.

### THE INDICTMENT

On or about August 4, 2021, the Grand Jury charged Defendant with 17 counts in the Indictment.  (*See* Doc. 1.)  The Indictment alleges generally that Defendant engaged in schemes ultimately resulting in multiple counts of wire fraud and money laundering.

Specifically, the Indictment identifies two alleged victims, setting forth the factual circumstances underlying the charges as to each victim.  The first involved Defendant asking Victim 1 to invest in the growth and development of Landcorp, Defendant's landscaping business, in or about August 2018.  (*See id.* at ¶¶ 1, 6.)  Between August 7,

2018 and November 9, 2018, Victim 1 invested in the growth of Landcorp through two financial payments totaling $130,000. (*See id.* at ¶ 7.) These amounts were originally deposited in the Landcorp Fifth Third business account and ultimately deposited into Defendant's joint Fifth Third personal bank account. (*See id.* at ¶ 8.) The Indictment alleges that Defendant then purchased or caused to be purchased cashier checks to be made payable to a hotel casino in Detroit, Michigan. (*See id.* at ¶ 9.) Defendant then used those funds "for personal expenses and gambling at hotel casinos." (*See id.*)

The Indictment next alleges that in October 2020, Defendant invited a long-term customer of Landcorp to "invest in a 50/50 partnership that would involve the purchase of real estate contracts from another real estate company, purchase a landscape business in Florida, and purchase a business startup in Florida." (*See id.* at ¶ 11.) The Indictment contends that, between October 2020 and January 2021, Victim 2 invested in "the growth of Landcorp" through a series of financial payments totaling $1,070,000, which sums were deposited in Landcorp's business account at Bank of America. (*See id.* at ¶ 12.) Defendant allegedly wired or caused to be wired approximately $690,000 to a casino in Tampa, Florida, where he used the funds for personal expenses and gambling at hotel casinos. (*See id.* at ¶¶ 13, 14.)

## LAW AND ANALYSIS

Federal Rule of Criminal Procedure 8(a) provides:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

2

Accordingly, charges may be joined within a single indictment if they are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or parts of a common scheme or plan.  *See* Fed. R. Civ. P. 8(a).

The Sixth Circuit has instructed that Rule 8 "should be construed in favor of joinder," but it has similarly admonished that if Rule 8's requirements are not satisfied, "the district court has 'no discretion on the question of severance.'"  *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002) (quoting *United States v. Hatcher*, 680 F.2d 438, 440-41 (6th Cir. 1982)).  Whether charges are properly joined under Rule 8(a) is determined solely by the face of the indictment.  *See id.*

The Government argues that the offenses "allege same or similar conduct and constitute a common plan or scheme."  (Doc. 23 at Pg. ID. 73.)  The Court will analyze each contention separately.

**A.    Same or Similar Conduct.**

The Government argues that the counts are "clearly of a similar character" because "the charges are virtually identical except for the date on which the conduct is alleged to have occurred."  (*Id.*)

For two offenses to be "the same or similar," "the two classes of offenses must be 'substantially similar in character.'"  *See United States v. Jackson*, No. 1:18cr695, 2019 WL 5802702, at *3 (N.D. Ohio Nov. 7, 2019) (quoting *United States v. Hersch*, 297 F.3d 1233, 1242 (11th Cir. 2002)).  Courts generally examine several factors in analyzing the question of whether the offenses are substantially similar, including "the elements of the statutory

offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crime and the identity of the victims." *See id.* (quoting *United States v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007)).

Here, there is no dispute that the elements of the statutory offenses are the same, as the charges pertaining to each underlying scenario are the same. Indeed, the charges pertaining to each factual circumstance are identical: wire fraud and money laundering. Next, although the incidents supporting the wire fraud offenses occurred two years apart, both involve Defendant soliciting an investment in his business and the alleged laundering of the funds through casinos—the same modus operandi. The fact that each investment scheme is slightly different or that different casinos were used does not preclude the conclusion that the incidents are similar because the result was the same: invited investment into Defendant's business with the "washing" of the funds through casinos.

In light of the above, the Court finds that the offenses are supported by the same or similar conduct.

**B. Common Plan or Scheme**.

For similar reasons, the Court alternatively finds that the Indictment alleges a common plan or scheme. Charges are properly joined under the "common plan or scheme" if the offenses "grow out of related transactions." *Jackson*, 2019 WL 5802702, at *3 (quoting *United States v. Randazzo*, 80 F.3d 623, 627 (1st Cir. 1996)). The indictment

must identify a "common thread of an overarching criminal scheme" connecting the two crimes. *Chavis*, 296 F.3d at 459.

Here, as noted above, the core of each enterprise or scheme is the same: Defendant allegedly schemed money from both victims as an alleged investment into his business, and then allegedly washed the money via the same mechanism—a casino. The Indictment plausibly alleges Defendant's use of his business—as a purported investment device—as a scheme to continue to get money. The Court alternatively finds that the Indictment alleges the charges to be a common enterprise or scheme.

## CONCLUSION

The Court recognizes that judicial efficiency is "the predominate consideration in assessing the propriety of joinder." *See Chavis*, 296 F.3d at 460. Having carefully considered this matter, the Court further concludes that judicial economy would be served by denying the Motion to Sever. While the Court acknowledges that any evidentiary overlap may be minor, it is still conceivable there could be some overlap, weighing in favor of keeping the charges together. Accordingly, and for the reasons set forth above, the Court **DENIES** Defendant's Motion to Sever.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _Matthew W. McFarland_

MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE